Michael R. Matthias (Bar. No. 57728)
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA  90025-7120
Telephone:      310.820.8800
Facsimile:      310.820.8859
Email: mmatthias@bakerlaw.com

Cory M. Curtis (*pro hac vice*)
Justin T. Winquist (*pro hac vice*)
BAKER & HOSTETLER LLP
303 E. 17th Avenue, Suite 1100
Denver, CO 80203
Telephone:      303.861.0600
Facsimile:      303.861.7805
Email: ccurtis@bakerlaw.com
Email:  jwinquist@bakerlaw.com

Attorneys for BESSER COMPANY

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NADA PACIFIC CORPORATION, a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>POWER ENGINEERING AND MANUFACTURING, LTD., an Iowa corporation; and BESSER COMPANY, a Michigan corporation,<br><br>                    Defendants,<br>_____<br>          v.<br><br>AKKERMAN, INC.,<br><br>                    Counterclaimant,<br>          and<br><br>NADA PACIFIC CORPORATION, A CALIFORNIA CORPORATION and BESSER COMPANY, and Michigan Corporation,<br><br>                    Defendants.<br>_____<br>AND RELATED CROSS-ACTION | Case No.: 3:13-CV-04325-LB<br><br>**STIPULATED MOTION TO CONTINUE TRIAL AND MODIFY CASE MANAGEMENT ORDER** ORDER |

1       Plaintiff Nada Pacific Corporation ("Nada"), Defendant, Cross-Claimant, and

2  Cross-Claim Defendant Power Engineering and Manufacturing, Ltd. ("PEM"), Cross-

3  Claim Defendant Akkerman, Inc. ("Akkerman"), and Defendant, Cross-Claimant, and

4  Cross-Claim Defendant Besser Company ("Besser") (collectively, the "Parties") hereby

5  stipulate and jointly move the Court pursuant to Fed. R. Civ. P. 16(b)(4), Civil L.R. 40-1,

6  Civil L.R. 7-12, and Civil L.R. 6-2 to continue the trial date presently set for February 23,

7  2015 for 60 days (or as soon thereafter as the Court's calendar permits) and to extend all

8  remaining pretrial deadlines 60 days.  In support, the Parties state:

9                      **LEGAL STANDARD FOR REQUEST**

10      1.      Fed. R. Civ. P. 16(b)(4) provides that the "schedule set forth in the Court's

11  Scheduling Order may be modified only for good cause and with the judge's consent."

12      2.      Civil L.R. 40-1 provides that "No continuance of a scheduled trial date will

13  be granted except by order of the Court issued in response to a motion made in accordance

14  with the provisions of Civil L.R. 7."

15      3.      Civil L.R. 7-1(a)(5) provides that a request to the Court for an order may

16  be presented by stipulation of the affected parties pursuant to Civil L.R. 7-12.  In turn,

17  Civil L.R. 7-12 provides that "Every stipulation requesting judicial action must be in

18  writing signed by all affected parties or their counsel.  A proposed form of order may be

19  submitted with the stipulation and may consist of an endorsement on the stipulation of the

20  words, 'PURSUANT TO STIPULATION, IT IS SO ORDERED,' with spaces designated

21  for the date and the signature of the Judge."

22      4.      Civil L.R. 6-2 (a) provides that parties may stipulate under Civil L.R. 7-12

23  "requesting an order changing time that would affect the date of an event or deadline

24  already fixed by Court order . . ."  Civil L.R. 6-2(a)(1)-(3) requires that such stipulations

25  be accompanied by a declaration that "(1) Sets forth with particularity, the reasons for the

26  requested enlargement or shortening of time; (2) Discloses all previous time modifications

27  in the case, whether by stipulation or Court order; and (3) Describes the effect the

28  requested time modification would have on the schedule for the case."

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**GROUNDS FOR REQUEST**

5.      On March 27, 2014, the Court held a Fed. R. Civ. P. 16 Case Management Conference.  At that conference, the Parties discussed with the Court their belief that the issues in this case could be substantially narrowed, if not resolved entirely, by defendants' filing of motions for summary judgment addressing application of certain key issues, namely the economic loss rule and collateral source rule.  Declaration of Justin T. Winquist filed herewith ("Winquist Dec.") ¶ 4.  The Parties also discussed with the Court their desire to avoid costly and time consuming discovery beyond those key issues to the extent possible prior to the Court's ruling on the anticipated motions for summary judgment.  Winquist Dec. ¶ 4.  Following the March 27, 2014 Case Management Conference, the Court issued its April 1, 2014 Case Management and Pretrial Order [ECF No. 55] setting forth the case schedule.  The schedule set pursuant to that Order is set forth below:

| Case Event | Filing Date/Disclosure Deadline/Hearing Date |
|---|---|
| Date to seek leave to add new parties or amend the pleadings | 4/30/2014 |
| Updated Joint Case Management Conference Statement | 6/12/2014 |
| Further Case Management Conference | 6/19/2014 at 11:00 a.m. |
| ADR completion date | 6/18/2014 |
| Non-expert discovery completion date | 8/16/2014 |
| Expert disclosures required by Federal Rules of Civil Procedure | 8/16/2014 |
| Rebuttal expert disclosures | 8/31/2014 |
| Expert discovery completion date | 9/30/2014 |
| Last hearing date for dispositive motions and/or further case management conference | 11/20/2014, at 9:30 a.m. |
| Meet and confer re pretrial filings | 12/15/2014 |
| Pretrial filings due | 1/15/2015 |
| Oppositions, Objections, Exhibits, and Depo Designations due | 1/22/2015 |
| Final Pretrial Conference | 2/5/2015, at 1:30 p.m. |
| Trial | 2/23/2015, at 8:30 a.m. |
| Length of Trial | 5 days |

6.      On July 10, 2014, the Parties filed a Stipulation Modifying Discovery Deadlines [ECF No. 64], which the Court granted on July 11, 2014 [ECF No. 65].  That stipulation modified the case deadlines as follows:

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| Non-expert discovery completion date | 10/24/14 |
|---|---|
| Expert disclosures required by Federal Rules of Civil Procedure | 10/24/14 |
| Rebuttal expert disclosures | 11/14/14 |
| Expert discovery completion date | 12/4/14 |

7.    On August 8, 2014, the Parties filed an updated Joint Case Management statement [ECF No. 69] explaining that the Parties were still in agreement on resolving certain key issues by motion for summary judgment prior to continuing discovery on other factual issues.  *See* ECF No. 69 ¶ 15.  The Parties also stated that Besser anticipated filing its Motion for Summary Judgment on September 11, 2014 for hearing on October 16, 2014.  *See id.*  The Court then vacated the Further Case Management Conference on August 28, 2014 and set a Further Case Management Conference for October 16, 2014. [ECF. No. 70].

8.    On September 11, 2014, Besser filed its Motion for Summary Judgment with respect to Nada's claims against Besser [ECF No. 71], which noticed a hearing on that Motion for October 16, 2014.  Nada filed its Opposition to Besser's Motion for Summary Judgment on September 25, 2014 [ECF No. 84] and briefing closed on that Motion with Besser's Reply filed on October 2, 2010 [ECF No. 89].

9.    On September 11, 2014 PEM filed a Motion for Determination of Good Faith Settlement [ECF. No. 73].  Besser filed its Opposition to that Motion on September 25, 2014 [ECF. No. 87].  PEM then withdrew its Motion on October 3, 2010.  [ECF No. 90].

10.    On October 6, 2014, the Court ordered the Parties to file an Updated Joint Case Management Statement by October 8, 2014 and the Court reset the October 16, 2014 Case Management Conference to October 9, 2014 [ECF No. 91; 92].

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

11.     The Parties filed their Updated Joint Case Management Statement on October 8, 2014 [ECF No. 94], which set forth the following stipulated modifications to the pretrial schedule:[1]

| Description | Date(s) |
|---|---|
| Non-expert discovery completion | **December 5, 2014** (extended from October 24, 2014) |
| Expert disclosures required by Federal Rules of Civil Procedure | **December 5, 2014** (extended from October 24, 2014) |
| Rebuttal expert disclosures | **December 19, 2014** (extended from November 14, 2014) |
| Expert discovery completion | **January 9, 2015** (extended from December 4, 2014) |
| Meet and Confer re: pretrial filings | **January 9, 2015** (extended from December 15, 2014) |
| Pretrial filings due | **January 23, 2015** (extended from January 15, 2015) |
| Oppositions, Objections, Exhibits, and Depo Designations Due | **February 2, 2015** (extended from January 22, 2015) |
| Final Pretrial Conference | **February 5, 2015** (no change from February 1, 2014 Case Management and Pretrial Order). |
| Trial | **February 23, 2015** (no change from February 1, 2014 Case Management and Pretrial Order). |

12.     The Court held a Case Management Conference on October 9, 2014. During that conference, the Court continued the hearing previously set on Besser's Motion for Summary Judgment until November 6, 2014, which the Court confirmed by Minute Order on October 10, 2014 [ECF No. 96].  At the October 9, 2014 conference, the Court did not expressly rule on the Parties' stipulated pretrial deadlines as set forth in their October 8, 2014 Updated Joint Case Management Statement.  Winquist Dec. ¶ 7. However, based on the Parties' understanding of the Court's statements during the March 27, 2014 Case Management Conference, the Parties understand and have agreed that those deadlines are effective without further order of the Court because they did not modify the February 5, 2015 Final Pretrial Conference or February 23, 2015 Trial dates.  Winquist Dec. ¶ 7.  It is therefore the Parties' understanding that the schedule set forth in their

---

[1] The last two entries of the Parties' stipulated schedule erroneously referred to a February 1, 2014 Case Management and Pretrial Order, which does not exist.  Each should read "no change from April 1, 2014 Case Management and Pretrial Order."

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

October 8, 2014 Updated Joint Case Management Statement is presently in effect. Winquist Dec. ¶ 7.

13.     After the Court continued the hearing on Besser's Motion for Summary Judgment until November 6, 2014, the Parties conferred regarding the feasibility of continuing to delay proceeding with additional discovery on factual and expert issues beyond those presented in Besser's Motion for Summary Judgment in light of the rapidly approaching trial date and pretrial deadlines.  Winquist Dec. ¶ 10.  The Parties agreed that the pretrial schedule could not be further compressed with the existing trial date and that it was in all Parties' best interests to seek a continuance of the February 23, 2015 trial date for 60 days.  Winquist Dec. ¶ 10.  The Parties reached this agreement in furtherance of their goal from the inception of this case to attempt to resolve or narrow certain key issues by summary judgment prior to incurring the expense of substantial factual and expert discovery on other issues.  Winquist Dec. ¶ 10.

14.     The Parties believe that a 60-day continuance (or as soon thereafter as the Court's calendar may allow) will permit them to obtain the Court's ruling on Besser's Motion for Summary Judgment prior to incurring the expense of additional discovery on issues that will be resolved or narrowed by the summary judgment ruling.  Winquist Dec. ¶ 11.  This agreement is based on the Parties' understanding that the Court presently anticipates ruling on Besser's Motion for Summary Judgment in late November or early December, 2014.  Winquist Dec. ¶ 11.  Thus, the Parties have further agreed that in the event that the Court has not ruled on Besser's Motion for Summary Judgment by December 7, 2014, they reserve their respective rights to move the Court for an additional continuance of the trial date or to oppose such a continuance as they each deem appropriate.  Winquist Dec. ¶ 11.

15.     In the event that the Court grants a continuance of the February 23, 2015 trial date for 60 days (or as soon thereafter as the Court's calendar may permit), the Parties further request that the Court enter a pretrial scheduling order extending each of the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   deadlines set forth in the Parties October 8, 2014 Updated Joint Case Management

2   Statement by 60 days.  Winquist Dec. ¶ 12.

3         16.      The Parties agree that the 60-day trial continuance and extension of pretrial

4   deadlines will not prejudice any Party and will be beneficial to all Parties in permitting

5   them to avoid further discovery and pretrial costs pending the Court's ruling on Besser's

6   Motion for Summary Judgment.  Winquist Dec. ¶ 13.  The Parties believe that a

7   continuance will further promote judicial economy by permitting the issues in this case to

8   be substantially narrowed or resolved prior to significant pretrial preparation, deadlines,

9   and filings.  Winquist Dec. ¶ 13.  For these reasons, the parties submit that good cause

10  exists for the requested continuance and schedule modification.

11        WHEREFORE, the Parties stipulate and jointly request that the Court continue the

12  February 23, 2015 trial 60 days or as soon thereafter as the Court's calendar permits and

13  enter a pretrial scheduling order extending the deadlines set forth in the Parties' October 8,

14  2014 Updated Joint Case Management Statement by 60 days.

15        STIPULATED AND AGREED This 21st day of October, 2014 between:

16

17                                        MURPHY AUSTIN ADAMS SCHOENFELD LLP
                                          By:      /s/ D. Lisa D. Nicolls
18                                                 LISA D. NICOLLS
                                                   Attorneys for NADA PACIFIC
19                                                 CORPORATION and AKKERMAN, INC.

20

21                                        GUICHARD TENG & PORTELLO, A.P.C.
                                          By:      /s/ William L. Portello
22                                                 MATTHEW P. GUICHARD
                                                   WILLIAM L. PORTELLO
23                                                 CHRISTOPHER K. TENG
                                                   Attorneys for POWER ENGINEERING
24  Parties to submit a chart with the revised        AND MANUFACTURING, LTD.
    deadlines by October 28, 2014.
25  Dated: October 22, 2014
                                          BAKER & HOSTETLER LLP
26                                        By:      /s/ Cory M. Curtis
27                                                 CORY M. CURTIS
                                                   Attorneys for BESSER COMPANY
28

APPROVED
LMB
Judge Laurel Beeler

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES